OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 POT PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **1/06/17** | Docket #: | **17-10051** |
| Debtor: | **Karen S. Fairweather** | Co-Debtor: | |
| SS#: | **xxx-xx-5478** | SS#: | |
| Address: | **792 Plymouth Street** **Middleboro, MA 02346** | Address: | |

| | |
|---|---|
| Debtor's Counsel: | **Brian R. Lewis 641100** |
| Address: | **PO Box 1162** **Lakeville, MA 02347** |
| Telephone #: | **(508) 946-3323** |
| Facsimile #: | **(508) 946-5051** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

THIS IS A "PURE POT PLAN" WHEREBY UNSECURED CREDITORS WILL RECEIVE A PRO-RATA PERCENTAGE OF THEIR CLAIM(S) BASED ON THE AMOUNT OF CLAIMS FILED AND ALLOWED BY THE COURT. THE AMOUNT IN THE "POT" IS $171.00. THEREFORE THE ESTIMATED DIVIDEND TO UNSECURED CREDITORS IS 1.0%.

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

CHAPTER 13 POT PLAN

Docket No.: **17-10051**

| DEBTOR(S): | (H) | **Karen S. Fairweather** | SS# | **xxx-xx-5478** |
| | (W) | | SS# | |

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **1,587.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☑ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

**Due to the large amount of pre-petition arrearage, a shorter term would not sufficiently satisfy the creditors'** ;or
**claims. Increasing the Debtor's monthly plan payment would impose a hardship on the Debtor and her family.**

☐ ____ Months. The Debtor states as reasons therefore:

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | | Amount of Claim |
|---|---|---|---|
| **Nationstar Mortgage, LLC** | **Pre-petition arrears for 792 Plymouth Street Middleboro, MA 02346** | $ | 84,000.00 |

Total of secured claims to be paid through the Plan $ ____ 84,000.00

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Nationstar Mortgage, LLC** | **Mortgage for 792 Plymouth Street Middleboro, MA 02346** |
| **Town of Middleboro** | **Real Estate Taxes and Municipal Charges** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D. Leases:

    i.   The Debtor(s) intend(s) to reject the residential/personal property lease claims of
        **-NONE-**

        ; or

    ii.   The Debtor(s) intend(s) to assume the residential/personal property lease claims of
        **-NONE-**

        .

    iii.  The arrears under the lease to be paid under the plan are   **0.00**  .

## III. PRIORITY CLAIMS

A.  Domestic Support Obligations:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

B.  Other:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **Internal Revenue Service** | | $ | **0.00** |
| **Massachusetts Department of Revenue** | | $ | **0.00** |

Total of Priority Claims to Be Paid Through the Plan $   **0.00**

## IV. ADMINISTRATIVE CLAIMS

A.  Attorneys fees (to be paid through the plan):                        $  **1,500.00**

B.  Miscellaneous fees:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

C.  The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The amount in the "Pot" is $171.00. Therefore the General Unsecured Creditors may receive an estimated dividend of 1.0% of their allowed claims.

  A.  General unsecured claims:                               $  **16,996.00**

B.  Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

C.  Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

Total of Unsecured Claims (A + B + C):                $       **16,996.00**

D. Total money available for unsecured creditors is:  $ __171.00__

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| **-NONE-** | | $ | |

Total amount of separately classified claims payable at ____ %     $ _____ 0.00

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

1. This is a "Pure Pot Plan" whereby unsecured creditors will receive a pro-rata percentage of their claim(s) based on the amount of claims filed and allowed by the Court. The amount in the "Pot" is $171.00. Therefore the estimated dividend to unsecured creditors is 1.0%.

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| A) Secured claims (Section I-A Total): | $ | 84,000.00 |
| B) Priority claims (Section II-A&B Total): | $ | 0.00 |
| C) Administrative claims (Section III-A&B Total): | $ | 1,500.00 |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | 171.00 |
| E) Separately classified unsecured claims: | $ | 0.00 |
| F) Total of a + b + c + d + e above: | =$ | 85,671.00 |
| G) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 95,190.00 |

(This represents the total amount to be paid into the Chapter 13 plan)

| | | |
|---|---|---|
| H. Divide (G), Cost of Plan, by Term of Plan, | **60** months | |
| I. Round up to nearest dollar for Monthly Plan Payment: | $ | 1,587.00 |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | | Fair Market Value | | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|---|---|
| **792 Plymouth Street Middleboro, MA 02346** **Plymouth County** **Value from Zillow.com** | $ | 319,080.00 | $ | 173,353.05 |

| | | |
|---|---|---|
| Total Net Equity for Real Property: | $ | 145,726.95 |
| Less Exemptions (Schedule C): | $ | 145,726.95 |
| Available Chapter 7: | $ | 0.00 |

B. Automobile (Describe year, make and model):

**-NONE-** _____ Value $ _____ Lien $ _____ Exemption $ _____

Total Net Equity:                         $ **0.00**
Less Exemptions (Schedule C):             $ **0.00**
Available Chapter 7:                      $ **0.00**

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)
**Assorted household goods, furnishings and appliances**
**A tablet and two tv's**
**A doll collection**
**Silverware**
**Personal clothing**
**Wedding jewelry**
**Assorted jewelry with no single item valued greater than $100.00**
**Cash**
**Checking 7096: Bristol County Savings Bank**
**Assorted tools and lawn care equipment**

Total Net Value:                          $ **8,296.37**
Less Exemptions (Schedule C):             $ **8,296.37**
Available Chapter 7:                      $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $ _____ **0.00**

E. Additional Comments regarding Liquidation Analysis:


## IX.  SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Brian R. Lewis** _____   **January 23, 2017** _____
**Brian R. Lewis 641100**                                           Date
Debtor's Attorney
Attorney's Address:  **PO Box 1162**
                     **Lakeville, MA 02347**
            Tel. #:       **(508) 946-3323 Fax:(508) 946-5051**
            Email Address:  **brian@BrianRLewis.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT
ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date  **January 23, 2017** _____   Signature  **/s/ Karen S. Fairweather** _____
                                                            **Karen S. Fairweather**
                                                            Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                        )
                                              )
        Karen S. Fairweather,                 )        Chapter 13
                                              )        Case No.:  17-10051-MSH
        Debtor                                )
                                              )

## CERTIFICATE OF SERVICE

        I, Brian R. Lewis, Esquire, state that on January 23, 2017 I electronically filed the
foregoing Chapter 13 Pot Plan with the United States Bankruptcy Court for the District of
Massachusetts using the CM/ECF System. I served the foregoing document on the
following CM/ECF participants:

Office of the US Trustee
Carolyn Bankowski, Trustee

I certify that I have mailed by first class mail, postage prepaid the documents
electronically filed with the Court on the following non CM/ECF participants:

Capital One
Po Box 30285
Salt Lake City, UT 84130

Debt Recovery Solution
Attention:  Bankruptcy
6800 Jericho Turnpike   Ste 113e
Syosset, NY 11791

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Macy's
Bankruptcy Processing
P.O. Box 8053
Mason, OH 45040

Marcam Associates
PO Box 60
Rochester, NH 03866

Massachusetts Department of Revenue
Bankruptcy Unit
PO Box 9564
Boston, MA 02114

Midland Funding
2365 Northside Dr
Suite 300
San Diego, CA 92108

Nationstar Mortgage, LLC
P.O. Box 619096
Dallas, TX 75261

Orlans Moran, PLLC
Attorneys at Law
P.O. Box 540540
Waltham, MA 02454

Portfolio Recovery
Po Box 41067
Norfolk, VA 23541

Town of Middleboro
20 Centre Street
Middleboro, MA 02346

Karen Fairweather
792 Plymouth Street
Middleboro, MA 02346

/s/ Brian R. Lewis
Brian R. Lewis Esq. (BBO#641100)
Law Office of Brian R. Lewis
PO Box 1162
Lakeville, MA 02347
(508) 946-3323
brian@brianrlewis.com